IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HIL RIZVI, M.D.,**<br>        **Plaintiff,** | **CIVIL ACTION** |
| **v.** | |
| **PETER KOVACH,** *et al.*,<br>        **Defendants.** | **NO.  20-3269** |

## MEMORANDUM OPINION

Plaintiff Hil Rizvi, M.D., acting *pro se*, sues current and former employees of the United States Department of Justice Drug Enforcement Administration ("DEA"): Robert W. Walker, Timothy J. Shea, William McDermott, and Andria Harris (collectively, "the Federal Defendants").[1]  The Federal Defendants jointly move to dismiss Plaintiff's claims for lack of subject matter jurisdiction and for failure to state a claim.  For the following reasons, their motion will be granted.

This action arises out of the revocation for five years of Plaintiff's license to practice medicine in Pennsylvania by the Commonwealth of Pennsylvania State Board of Medicine. Plaintiff appealed to the Commonwealth Court of Pennsylvania, which affirmed.  He then filed an application for allowance of appeal with the Pennsylvania Supreme Court, which was denied.

Shortly thereafter, Plaintiff commenced this suit, seeking monetary damages as well as declaratory and injunctive relief in connection with the revocation of his Pennsylvania medical license.  At the time, Plaintiff was the holder of a DEA certificate of registration in Pennsylvania,

---

[1] Plaintiff has served the Federal Defendants only in their official capacities, via service upon the United States Attorney's Office, the United States Attorney General, and the DEA.  *See* Fed. R. Civ. P. 4(i)(2).  He has not individually served these Defendants in accordance with Federal Rule of Civil Procedure 4(i)(3).  Plaintiff's claims are thus construed as being lodged against the Federal Defendants in their official capacities only.

allowing him to distribute and prescribe controlled substances.  Several weeks later, the DEA

issued Plaintiff an Order to Show Cause ("OSC") proposing the revocation of his Pennsylvania

DEA registration.  The OSC stated that because Plaintiff's Pennsylvania medical license had

been revoked, he was without authority to dispense controlled substances in the Commonwealth.

*See Hil Rizvi, M.D.*, Decision and Order, 85 Fed. Reg. 73,804 (Nov. 19, 2020).  The OSC set

forth Plaintiff's options for responding.  *Id.*  Plaintiff submitted an email response, which was

considered by the DEA.  *Id.* at 73,805.  On November 9, 2020, the DEA issued a final decision

and order revoking Plaintiff's DEA registration, which decision was published in the federal

register on November 19, 2020.  *Id.* at 73,804-73, 806.

Plaintiff then amended his Complaint to add multiple defendants associated with state

medical boards in Pennsylvania, New Hampshire, Ohio, and Maine (collectively, the "State

Defendants"), as well as the Federal Defendants.  The Complaint: (1) alleges a claim for

deprivation of rights under 42 U.S.C. § 1983; and, (2) seeks referral of Defendants to an

unidentified United States Attorney for prosecution pursuant to the Racketeer Influenced and

Corrupt Organizations Act ("RICO") as well as the Administrative Procedures Act ("APA").

Reduced to its essentials, the Complaint demands "restoration of [Plaintiff's] license to

practice medicine," which Plaintiff alleges was "wrongfully suspended by the Commonwealth of

Pennsylvania due to the action of Defendants."  The State Defendants were dismissed because

Plaintiff failed to allege a due process violation with respect to the revocation of his

Pennsylvania medical license.  *See Rizvi v. Kovach*, 2021 WL 949464, at *4 (E.D. Pa. Mar. 12,

2021).  Liberally construed, the crux of Plaintiff's allegations against the Federal Defendants is

that his Pennsylvania DEA registration was wrongfully revoked.

The Federal Defendants first argue that to the extent Plaintiff asks for review of the

substance of the DEA's order revoking his DEA registration, this Court lacks subject matter

jurisdiction because any such review would be barred by the Controlled Substances Act

("CSA").  When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure

12(b)(1), the plaintiff bears the burden of establishing that such jurisdiction exists.  *Lincoln

Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).  "A case is properly

dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks

the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110,

113 (2d Cir. 2000).

By way of background, the CSA requires any person who dispenses controlled

substances to first obtain a certificate of registration from the Attorney General or his or her

delegate.  *See* 21 U.S.C. §§ 822(a), 823(f).  A separate certificate of registration is "required at

each principal place of business or professional practice where the applicant manufactures,

distributes, or dispenses controlled substances."  21 U.S.C. § 822(e); *see also* 21 C.F.R.

§ 1301.12(a).  The Attorney General has delegated the authority to issue, deny, revoke, or

suspend registrations to the Administrator of the DEA.  *See* 28 C.F.R. § 0.100(b).  The DEA may

suspend or revoke a certificate of registration upon a finding that the registrant "has had his State

license or registration suspended, revoked, or denied by competent State authority and is no

longer authorized by State law to engage in the manufacturing, distribution, or dispensing of

controlled substances."  21 U.S.C. § 824(a)(3).

Here, Plaintiff's DEA registration was revoked via an order and final decision issued

pursuant to this provision of the CSA.  The CSA provides "any person aggrieved by a final

decision" under the Act "may obtain review of the decision in the United States Court of Appeals

for the District of Columbia or for the circuit in which his principal place of business is located

upon petition filed with the court and delivered to the Attorney General within thirty days after

notice of the decision." 21 U.S.C. § 877. This provision does not provide federal district courts

authority to review the revocation of a DEA registration. Thus, to the extent Plaintiff seeks

review of the DEA order, this is not the proper forum.

To the extent Plaintiff claims that Defendants' conduct deprived him of his rights under

42 U.S.C. § 1983, the Federal Defendants argue that he fails to state a claim for which relief

might be granted.[2] Under the rubric of Rule 12(b)(6) a complaint must be dismissed unless it

"contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). All factual allegations are accepted as true, the Complaint is construed in

the light most favorable to the plaintiff, and a determination is made whether, under any

reasonable reading of the Complaint, the Plaintiff may be entitled to relief. *Fowler v. UPMC*

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)).

Section 1983 does not apply to federal actors. *Polsky v. United States*, 844 F.3d 170, 173

(3d Cir. 2016) ("It is well-established that liability under § 1983 will not attach for actions taken

under color of federal law." (quoting *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir.

2001))). Thus, any claim against the Federal Defendants premised on Section 1983 claim must

fail.

Even if Plaintiff's due process claim were to be construed as arising under the Fifth

Amendment and as challenging the process provided to Plaintiff with respect to the revocation

of his Pennsylvania DEA registration, it is not viable. *See* U.S. Const. amend. V. To state a

---

[2] As to Plaintiff's claims requesting that Defendants be referred for prosecution, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) ("[T]here is no federal right to require the government to initiate criminal proceedings."). Thus, these claims too will be denied.

Fifth Amendment due process claim, Plaintiff must show that he was deprived of a cognizable

property interest, *see Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999), and that the

process afforded him in connection with the deprivation was constitutionally deficient, *see*

*Simmerman v. Corino*, 27 F.3d 58, 64 (3d Cir. 1994).[3]  Even assuming Plaintiff has a

constitutionally-protected property interest in his DEA registration,[4] his allegations do not

plausibly suggest that the process associated with its revocation was constitutionally deficient.

He alleges that he: (1) was served with the OSC; (2) was "exclud[ed]" from a hearing; and, (3)

that "[a] timely Appeal process . . . is denied and since ignored."  The DEA's decision itself,

however, indicates that Plaintiff was provided notice of the action via service of the OSC, which

was hand delivered to Plaintiff; that Plaintiff responded to the OSC via email and phone but did

not request a hearing, thereby waiving his right to a hearing pursuant to 21 C.F.R. § 1301.43(d);

and that the DEA considered Plaintiff's responses in reaching its decision.  *See Hil Rizvi, M.D.*,

85 Fed. Reg. at 73,805.  Moreover, as noted above, Plaintiff had the opportunity to file a petition

for review of the revocation in the appropriate court of appeals.  *See* 21 U.S.C. § 877.  "The

essential requirements of due process . . . are notice and an opportunity to respond," *see*

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985), and Plaintiff was offered both

in connection with the revocation of his DEA certificate.  Accordingly, even liberally construed,

---

[3] The Fifth Amendment "include[s] a substantive component, which forbids the government to infringe [on] certain 'fundamental' liberty interests." *Reno v. Flores*, 507 U.S. 292, 301-02 (1993).  Because Plaintiff's Complaint cannot plausibly be read as asserting a substantive due process claim, this Court would construe Plaintiff's Complaint as alleging a procedural due process claim.

[4] The Federal Defendants argue that "Plaintiff has not cited any statutory or other authority showing that he has a property right to a DEA Certificate of Registration to distribute or prescribe controlled substances."  The Court notes, however, that in at least one decision, the DEA itself has recognized that a property interest inheres in a DEA certificate of registration.  *See Barry M. Schultz, M.D.*, Decision and Order, 76 Fed. Reg. 78,695, 78,696 (Dec. 19, 2011) ("The Respondent has a constitutionally protected property interest in his DEA registration.").  Without the benefit of careful briefing on this issue, the Court assumes without deciding that a property interest inheres in a DEA certificate of registration to distribute or prescribe controlled substances.

his Complaint fails to state a claim for which relief may be granted.[5]

An appropriate order follows.

**August 16th, 2021**                                        **BY THE COURT:**


                                                            /s/Wendy Beetlestone, J.

                                                            **WENDY BEETLESTONE, J.**

---

[5] Plaintiff has not requested leave to amend his Complaint.  Nevertheless, the Court finds that such amendment would be futile.  *See Tate v. Morris Cty. Prosecutors Office*, 284 F. App'x 877, 879 (3d Cir. 2008) (a district court must grant leave to amend "even if the plaintiff does not request it, unless amendment would be futile or leave to amend is not warranted for some other reason").  Plaintiff has already submitted numerous amended complaints, none of which contains allegations sufficient to support his claims.